NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIA DAVID,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-70134

Agency No. A079-523-357

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Julia David, a native and citizen of Indonesia, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under U.S.C. § 1252. We review for substantial evidence factual findings and review *de novo* legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part petition for review, and we remand.

We reject David's contention that the IJ refused to allow her to elaborate on the harm she suffered and precluded her from presenting her case. *See Lata v. INS,* 204 F.3d 1241*,* 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

With respect to her asylum claim, substantial evidence does not support the BIA's finding that David failed to demonstrate sufficient individualized risk of harm under the disfavored group analysis to establish a well-founded fear of persecution. *See Sael v. Ashcroft*, 386 F.3d 922, 929 (9th Cir. 2004). Accordingly, we grant the petition as to David's asylum and withholding of removal claims and remand so the Attorney General may exercise his discretion as to whether to grant asylum, and for the agency to consider her withholding of removal claim in light of our conclusions.

In addition, we remand David's CAT claim because the BIA did not explain its basis for denying CAT relief.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**